

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50056 | **DATE** | 8/17/2001 |
| **CASE TITLE** | Byrd vs. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the application pursuant to section 2254 is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | AUG 2 0 2001 | 17 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 8-17-01 date mailed notice | |
| /SEC | courtroom deputy's initials | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Mark A. Byrd, a state prisoner convicted of first degree murder and sentenced to natural life imprisonment, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondent, Roger D. Cowan, warden of Menard Correctional Center. He raises nine issues, seven of which are claims of ineffective assistance of trial counsel. Byrd has exhausted his state remedies by appealing to the Illinois Appellate Court which affirmed his conviction and sentence in an unpublished order People v. Byrd, (No. 2-99-0649, Rule 23 Order, September 6, 2000) and the Illinois Supreme Court which denied leave to appeal. No procedural issues are raised by respondent who has filed an answer addressing all issues on the merits. Byrd has filed a reply. The court has had the record of the state proceedings filed in this court.

Review of the issues raised in this proceeding is whether the decision of the Illinois Appellate Court was an unreasonable application of federal constitutional law as declared by the U.S. Supreme Court, 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 404-05 (2000); Miller v. Anderson, No. 99 C 258, 2001 WL 726557 (7th Cir. June 29, 2001). As to the ineffective assistance of counsel claims, this court must determine whether the state court was unreasonable to reject Byrd's claim that his lawyer's representation of him at trial fell below the minimum level of competence required in the representation of a criminal defendant and, if so, whether with minimally competent representation Byrd would have had a significant, not merely a theoretical, chance of acquittal. Miller, id.; see Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, the Illinois Appellate Court exhaustively examined the issues raised in this application and affirmed Byrd's conviction. Applying the standard of review set forth above, as to the claims of ineffective assistance of counsel, the court finds no constitutional error.

As to defense counsel's failure to submit a jury instruction on involuntary manslaughter based on a theory of "mistaken belief" as was requested by Byrd, there was no such recognized instruction in the context of involuntary manslaughter as the appellate court held. Byrd, who was active in his defense strategy, expressly told the trial judge he was foregoing a voluntary manslaughter defense. A form of the instruction on voluntary manslaughter does include a theory of "unreasonable" use of deadly force, perhaps similar to his theory of "mistaken belief." The trial court gave Byrd the opportunity to reconsider that decision, and never, as stated by Byrd, told him she would give an instruction on "mistaken belief." The involuntary manslaughter instruction given correctly stated Illinois law. The instruction Byrd sought for involuntary manslaughter was not supported by the evidence or the law, and counsel was not ineffective for not seeking it.

Byrd's remaining claims of ineffective assistance of counsel pertaining to the failure to introduce violent crimes evidence related to the victim, a failure to interview and subpoena potential defense witnesses Tanner and Cassioppi, the failure to conduct a proper direct examination of defense witnesses Mitchell and Martin, and the failure to effectively impeach the testimony of witnesses Long and Wilkes and to impeach Long were all resolved against Byrd by the Illinois Appellate Court. That court's decision on these issues of attorney incompetence was not unreasonable under the facts as analyzed by the Illinois court nor would any of these issues with minimally competent representation have made any significant chance of acquittal. In particular, some of the alleged failures of trial counsel, even if accepted as such, would have only resulted in evidence of a cumulative nature. While the failure to interview and subpoena potential defense witnesses is examined closely, Cassioppi's testimony would have been cumulative and Tanner's would have contradicted Byrd's testimony and not been helpful. Also, the alleged deficiencies in the examination of Long and Wilkes was a matter of trial strategy and any deficiencies would not have caused any prejudice to Byrd.

Byrd separately contends that the trial court erred in limiting the scope of cross-examination of witness Long. State court evidentiary errors normally do not entitle a defendant to habeas corpus relief except where so prejudicial to compromise a fair trial. See Howard v. O'Sullivan, 185 F.3d 721, 723-24 (7th Cir. 1999). In view of the trial court's allowing Long to be recalled by Byrd during the defense case, any possible abuse of discretion in limiting cross-examination on matters beyond direct examination was not prejudicial to raise any unreasonable application of federal constitutional law as declared by the Supreme Court.

Finally, Byrd argues he was denied a fair trial when the state used the perjured testimony of Long and Wilkes when it differed from statements given to the police and improperly stated in closing argument that the testimony of these witnesses was uncontradicted. A prosecutor's knowing use of perjured testimony violates the Due Process Clause. Shasteen v. Saver, 252 F.3d 929, 933 (7th Cir. 2001). Mere inconsistencies in testimony by prosecution witnesses do not establish the knowing use of false testimony. Id. at 933. Where the allegation is that the prosecution used perjured testimony, the court must determine whether the defendant had an adequate opportunity to expose the alleged perjury on cross-examination. Id. at 933. Here, there was little difference in Long's trial testimony and his pretrial statement to police. Wilkes' testimony and his pretrial statement did differ in two respects but those were not material to defendant's innocence or guilt nor was his testimony, which was subject to cross-examination, shown to have been false and knowingly used by the prosecution.

For the foregoing reasons, the application pursuant to section 2254 is denied.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

DOCKETED
AUG 2 0 2001

Mark Byrd

v.

Roger Cowan

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50056

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Mark Byrd's application pursuant to section 2254 is denied.



Michael W. Dobbins, Clerk of Court

Date: 8/17/2001

Susan M. Wessman, Deputy Clerk